UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------------------X

SHAUNTEE BYRON

                                                                                                          DOCKET

                             PLAINTIFFS

-AGAINST-                                                                        COMPLAINT


BRONX PARENT HOUSING NETWORK                  JURY TRIAL DEMANDED

VICTOR RIVERA

THE CITY OF NEW YORK

                             DEFENDANTS

-------------------------------------------------------------------------------X

Plaintiff by and through their Attorneys Martin Druyan and Associates Attorneys, as and for their verified complaint state and allege as follows.

JURISDICTION

1. This Court has jurisdiction of this action as it alleges violations of Title VII of the United States Code, 42 U.S. Code (U.S.C hereafter ) Subv. Vi, 42 U.S.C. s. 21, 2000e sect 1-17, sect 2-703i, Civil Rights Act 1964, 1991, Parag 88-352, L.L. Law, Publ Law 111-12 Ch. 21 Equal Employment Opportunity Commission; Sec. 1981 U.S.C.  Sect. 703 Title VII, Title 29 Part 38 Labor, 45 Code Fed. Reg. Labor sect 73,.735, CRA sect. 177., (42 USC 1981) sect 306 Sexual Harassment Prohibited, Title 29 Code Fed. Reg. Labor, EEOC Labor sect 1604.11 et al related statutes as Plaintiff alleges employment discrimination, unjust termination, hostile work environment, retaliation, and sexual

harassment by Plaintiff against the Defendant employer Bronx Parent Housing Network (BPHN, hereinafter) and Defendants Director, Supervisors, stated above.

2. Plaintiff received a U.S. E.E.O.C. Notice of Right To Sue letter on about March 2021 against Defendants except the City of New York.

3. A Jury trial is demanded as to all issues pursuant to FRCP R. 38

PARTIES

At all times hereinafter mentioned:

4. *Plaintiff SHAUNTEE BYRON is a resident of New York State, Southern District of New York.*

5. Defendant Employer Bronx Parent Housing Network (BPHN hereinafter) is a not-for-profit New York State corporation and charity, doing business in Bronx County, New York City.

6. Def. BPHN is incorporated and registered as a not-for-profit corporation in New York State.

7. Def. Victor Rivera was the CEO and President of BPHN until about Feb. 2021, upon information and belief he is a resident of New York State.

8. The City of New York was a municipal corporation incorporated pursuant to the laws of New York State.

9. FACTS UNLAWFUL TERMINATION, DISCRIMINATION, RETALIATION, SEXUAL HARASSMENT

10. Plaintiff SHAUNTEE BYRON was an employee of Def. BPHN in 2020, a black female job titled "Site Director".

11. On about August 2020 Plaintiff was terminated from her employment at Def. BPHN as a result of unlawful racial and sex discrimination and retaliation as stated herein, without just cause.

12.
   a. Plaintiff BYRON black female, was at all times a loyal, conscientious employee with commendations and positive work reviews for her excellent work performance.

13. Plaintiff Byron was compensated at $75,000., yearly less than other employees who were not black females, and less than other employees who were involved in sexual relations with Mr. Rivera, or his friends and associates at BPHN, or provided sex to them.

14. Plaintiff Byron suffered disparate treatment, adverse employment termination consequences, and false and poor job reviews and references as a result of the discrimination and retaliation described herein.

15. Plaintiff Byron has suffered the inability to obtain employment as a social services provider, supervisor and director as the result of the discrimination alleged herein, that in 2021 her job offers were rescinded, upon information and belief, as retaliation and discrimination alleged herein.

   HOSTILE WORK ENVIRONMENT, UNLAWFUL TOUCHING, BATTERY, ASSAULT, SEX HARASSMENT, RETALIATION, 2020

16. In about April 2020 Def. Victor Rivera visited Plaintiff worksite, Plaintiff stood to greet him, in Plaintiff office, with a formal handshake, but Def. Rivera grabbed Plaintiff to embrace her, and did hug her and gave Plaintiff a kiss on her cheek, "Wow, you looki g

sexy today, your hips are hugging that dress" , rubbing his hands down her dress towards her buttocks, etc.

17. Plaintiff was made very uncomfortable by this unwanted sexual approach, which in addition to, along with other allegations herein, triggered memories of other unwanted sexual advances and issues for Plaintiff, causing her to suffer anxiety, depression, and illness.

18. In about May 2020 LS subordinate employee touched and squeezed Plaintiff's buttocks saying, "Look at our director ya'll, I didn't know she was hiding all this junk in the trunk", at 1195 Sherman Ave Bx, N.Y., with other employees as witnesses.

19. Plaintiff complained to each Def. Noel Francis, Reg. Director PBPHN, who reported to Gloria Wallace, VP Family Transitional Services, BPHN.

20. None, including Wallace did not reprimand Ms. LS, ignoring and excusing the complaint.

21. Wallace, LS were childhood ( LS felt she was untouchable in all her improper actions described herein) personal friends of Def. Victor Rivera, and did not respond appropriately to Plaint. Byron's repeated 2020 complaints of a sexually charged atmosphere and hostile work environment, and other improper practices at BPHN 1195 Sherman Ave, Bronx, N.Y.

22. Plaintiff complaints included the grabbing of Plaint. Buttocks by Ms. LS inappropriate pictures displayed by EKM, and inappropriate sexual conversations and speech by LS EKM, including "having sex with husband, positions, loud, improper work demeanor, lack of professionalism.

23. In May 2020 Plaintiff ran into Def. V. Rivera on Sat. on Third Ave Bronx, NY, near TD Bank, after he noticed her first he said "Hey Sexy, how are you". "How is the job going, ..."

24. Plaintiff responded "MS LS...work issues..", He responded "she means no harm, she has a good heart". Plaintiff asked to create a new organization to help youths,..

25. Def. Rivera responded "OK, for a fee, I have a lot of connections with the City and the community".

26. Plaintiff "Ok pay for your time".

27. Def. Rivera "I don't want money, you know what I want, laughing", looking at Plaint. In leering sexual manner up and down.

28. Plaintiff ended the conversation "I must go home to my kids"

29. Plaintiff complaints violating client HIPA rights: LS:  Client A complained, that another client B, told client A that her (A's) personal information was being shared and spread and disseminated by LS in 2020,  who was acting unethically and improperly in befriending and socializing with client BPHN aid recipients after hours.

30. Ms. LS had one client addressing her inappropriately as "Mom".

31. Plaintiff so complained of needed professionalism, and instituted protocols that aid clients were not to socialize and spend time in the office talking, and asking Ms.LS for cigarettes, interfering with BPHN work, etc.

32. Plaintiff complained to Mario Palumbo HR VP that LS was unqualified as an Adm. Assistant to Plaintiff site director, that she could not type, no e mails, etc; but LS was "untouchable" as Def. Victor Rivera's longtime friend.

33. Defendants were hostile to Plaintiff's directives of ethics, professionalism, to create a "no sex and no improper socializing" atmosphere in the office.

34. LS bragged that she was untouchable based on childhood friendship with Mr. Rivera, that she had done 11 years in prison, went to high school with Defendant Rivera who brought her into the position at BPHN, so that "she could do what she wanted, because she was "untouchable." "

35. Plaintiff understood this to mean that the sexually charged hostile work environment could continue and not change despite Plaint. Byrons protests and multiple complaints.

36. In March to April 2020 Mr. Rivera, Def., would inappropriately hug and fondly greet Ms. Byron, making her feel uncomfortable; in the sexually charged, hostile work environment at BPHN as described herein.

37.         UNJUST TERMINATION, RETALIATION

38. In July 27,'20 Plaintiff noticed LS for discipline, meeting for her "no call no show" to work, work suspension to improve her job performance, for a meeting with EKM

39. In July 30'2020 the first false allegation leading to without cause termination, that Plaint. Byron was permitting "Cocktail Weds," in retaliation for her complaints herein and proper discipline of LS, who sexually assaulted Plaintiff Byron, and had poor job performance, see above, and for complaints of hostile work environment .

40. Plaintiff during a conversation with an employee just after her Aug. 2020 termination, the employee EM said "LS lied about you permitting drinking at the office, they wanted you out."

41. In Aug. 2020 Palumbo said we did a thorough investigation of you, to justify the Aug. 2020 termination.

42. That was false as Plaintiff had statements from multiple employees that those employees never spoke to Palumbo, HR, etc. , that staff wanted to speak up for Ms. Plaintiff Byron on her behalf, misconduct allegations justifying her termination, against Plaintiff were false., that in total the termination was without cause or justification.

43. In Aug. 2020 Plaintiff sent a e mail to Def. Victor Rivera, cc to QF, due to his past behavior Plaintiff did not wish to meet alone with him, however he took QF off the e mail, and responded only to Plaint. " I need to meet with HR first, and that if he met with you, it would be with you and you alone not with QF" . That meeting never occurred.

44. In about Aug. 2020 protesting Plaint. termination, you sent e mails and calls to Def. Rivera, HR Mario Palumbo, Gloria Wallace, Noel Francis, Diamond Chavannes, regarding staff member support opposing Plaintiff's termination, there was no response.

45. RETALIATION, DISCRIMINATION, TERMINATION OF EMPLOYMENT, SEXUAL HARASSMENT

46. That Plaintiff Ms. Byron was terminated from her BPHN employment without just cause in Aug. 2020.

47. Plaintiff Byron had excellent evaluations, no write ups, and wrote a COVID contingency plan and remote work schedule that BPHN used in 2020 and 2021 for which she received no recognition, no compensation, except for a verbal "thank you".

48. After 2020, After Plaint. termination, she was informed by DC that "another employee was in fact found to be drunk on the job, and was sent to rehab".

49. This was preferred treatment that Plaintiff. did not receive, as she was terminated, for allegedly permitting people to drink on the job. This was totally false, with many

witnesses that would testify that Plaint. was totally professional, and did not deserve to be terminated.

50. Other non black females received more favorable compensation, and better terms of work condition and employment.

51. It was well known that BPHN female employees who slept with, and had sex and performed sex acts with Def. Rivera received promotions and additional compensation in 2020.

52. That Plaintiff Byron timely filed an EEOC letter complaint and in March 2021 was issued a Right To Sue letter prior to the institution of this suit.

53. That Plaintiff Byron turned down sexual advances at work BPHN during the time of her employment there 2020.

54. That Plaintiff Byron suffered being in a hostile work environment at BPHN of a sexually charged atmosphere in 2020.

55. That Plaintiff Byron had recommendations, commendations, writings, and credentials that proved she was more qualified than other employees who kept their jobs or were promoted as providing sexual relations to Def. Rivera and his friends and associates at Def. BPHN, 2019- 2021.

56. That Plaintiff Byron suffered job discrimination as a black female, when other non-black females were promoted, maintained employment, and had superior compensation than Plaintiff at Def. BPHN 2020.

57. 2020 SEX HARASSMENT AND HOSTILE WORK ENVIRONMENT

58. Def. Mr. Rivera had a reputation for demanding and receiving sex from BPHN employees and aid recipients as a condition of their employment, and compensation and career advancement and receipt of housing aid by the public 2019, 2020.

59. In Feb. 2021, a NY Times article detailed a history of sex abuse claims against Def. Mr. Rivera, settlements, secrecy, by senior management employees and aid recipients.

60. In March 2021 Def. Rivera was arrested for bribery, those charges are pending as of the filing of this complaint.

61. That in 2019, 2020, 2021 and prior, Plaintiff suffered emotionally while working, and after termination, at BPHN as this sex charged atmosphere existed thereat, as a hostile workplace environment, where employees were seeking sex from each other, and clients, for career advancement, as an unlawful informal condition of their BPHN employment.

62. Plaintiff Byron witnessed the improper hostile work environment at BPHN causing her to be upset and suffer anxiety and to seek therapy.

63. Plaintiff Byron was terminated in her employment on Aug. 20, 2020, without just cause, and as sex and race discrimination, and retaliation for her complaints.

64. Plaintiff protested her termination, that she worked harder, was more qualified, did better work than employees who were promoted and better compensated for having sex with Defendant former CEO and President Mr. Rivera of Bronx Parent Housing Network and his friends/coworkers at BPHN.

65.     POST TERMINATION HARASSMENT, RETALIATION

CAUSES OF ACTION

66. Based upon the above facts Plaintiffs assert the following causes of action:

FIRST ACTION

67. Plaintiffs states a cause of action for unlawful racial discrimination and sex harassment as an employee, prohibited by an employer or supervisor, or other employee or agent, or contractor of Defendants pursuant to 42 U.S. Code (U.S.C hereafter ) Subv. Vi, 42 U.S.C. s. 21, 2000e 1-17 Civil Rights Act, Ch. 21 Equal Employment Opportunity Commission; Sec. 1981 U.S.C.  Sect. 703 Title VII, Title 29 Part 38 Labor, 45 Code Fed. Reg. Labor sect 73,.735, 306 Sexual Harassment Prohibited, Title 29 Code Fed. Reg.  Labor, EEOC Labor sect 1604.11 et al related statutes.

SECOND ACTION

68. Plaintiffs claims and appends the New York State Statute McKinneys 201g Labor Law, N.Y.S. Executive Order 19 Workforce Investment Act 1998. , et al., and related statutes, prohibiting employer sexual harassment of their employees, and mandating education and supervision of all Defendants

THIRD ACTION

69. Plaintiffs claims and appends the New York City Title 18 Administrative Code, NYC Local Law 95, Sect. 107.1 victims (96) 2018, et al, an relates statutes, prohibiting employer sexual harassment of employees and mandating education and supervision of all Defendant to avoid and prevent sex harassment and sex abuse of employees as the Plaintiff herein.

FOURTH ACTION

70. Plaintiffs claims and appends the common law New York State laws creating actions at law for assault, battery, negligence, primie facie tort, sexual assault, unlawful touching.

## FIFTH ACTION

71. That the Defendant City of New York had knowledge of the complaints of racial and sex harassment of Director Rivera of employees and aid recipients, the settlements of money aid to victims of his harassment.

72. That the Defendant City of New York, ignored the enforcement of all discrimination and sex harassment laws against the Defendants, and continually to fund BPHN with millions of dollars of taxpayer monies, paying and keeping Def. Dir. Rivera in his position as CEO where he was able to continue his and his friends and associates' campaign of harassment, retaliation, bribery, against of employees and aid recipients.

## DAMAGES ALLEGED

73. Plaintiff claims statutory damages, all lawful punitive damages, costs, attorney fees and disbursements, inability, impaired ability, to obtain present and future employment, and interest pursuant the U.S., N.Y. S., and N.Y.C. statutes, codes, regulations stated and cited above.

74. In addition to the statutory damages and remedies alleged and claimed herein, Plaintiff claims as common law damages pursuant to all the New York State claims stated above, as the result of the Defendants actions, negligence, omissions, and failures, the unlawful touching and sex assault, harassment described herein.

75. Those common law damages are stated supra and infra including all lawful punitive, exemplary damages, and compensatory damages.

76. As damages in all actions asserted in this complaint , Plaintiff has suffered the following permanent physical and mental injuries and damages including but not limited to: Physical, emotional, psychiatric and mental distress and alarm, physical illness, trauma, being upset, loss of sleep, unhappiness, that have diminished Plaintiff's ability to work and employment opportunities, so that Plaintiff's lifelong earning capacity is diminished, permanently, and continuing to date, every aspect of her life is damaged.

77. As damages in all actions herein, Plaintiffs have been required to spend monies and to seek medical treatment and therapy, all manner of therapy for Plaintiff's permanent injuries and damages in the past, present, and future as a result of the actions of the Defendants as alleged herein, the exacerbation of prior recollections of emotional upset , and problems and issues.

## CERTIFICATION AND CLOSING

78. Under F.R.C.P. 11 by signing below I certify to the best of my knowledge, information, and belief that this complaint:

79. This complaint is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation, 2. Is supported by existing law or by non-frivolous argument for extending modifying or reversing existing law, 3. The factual contentions have evidentiary support, or if specifically so identified will likely have evidentiary support after a reasonable opportunity for further investigation, or discovery, and 4. The complaint otherwise complies with the requirements of Rule 11 FRCP.

Date of Signing :    March 22,  2021

                                                                                      S/  MARTIN DRUYAN ESQ.

                                                                                      MARTIN DRUYAN ESQ. ,     NYS 1172188

                                                                                      MARTIN DRUYAN AND ASSOCIATES

ATTORNEYS

                                                                                      Attorneys for Plaintiffs

                                                                                      450 7TH AVE N.Y., N.Y. 10123 SUITE 3700

                                                                                        212-279-5577, 917-861 4836

                                                                                        MD@DRUYANLAW.COM

.