UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------------------X

SHAUNTEE BYRON

                                                                               DOCKET

                           PLAINTIFFS

-AGAINST-                                                      COMPLAINT

BRONX PARENT HOUSING NETWORK             JURY TRIAL DEMANDED

VICTOR RIVERA,

THE CITY OF NEW YORK

                           DEFENDANTS

-------------------------------------------------------------------------------X

    Plaintiff by and through their Attorneys Martin Druyan and Associates Attorneys, as and for their verified complaint state and allege as follows.

                       JURISDICTION

1. This Court has jurisdiction of this action as it alleges violations of Title VII of the United States Code, 42 U.S. Code (U.S.C hereafter) Subv. Vi, 42 U.S.C. s. 21, 2000e sect 1-17, sect 2-703i, Civil Rights Act 1964, 1991, Parag 88-352, L.L. Law, Publ Law 111-12 Ch. 21 Equal Employment Opportunity Commission; Sec. 1981 U.S.C. Sect. 703 Title VII, Title 29 Part 38 Labor, 45 Code Fed. Reg. Labor sect 73,.735, CRA sect. 177., (42 USC 1981) sect 306 Sexual Harassment Prohibited, Title 29 Code Fed. Reg. Labor, EEOC Labor sect 1604.11 et al related statutes as Plaintiff alleges employment discrimination, unjust

termination, hostile work environment, retaliation, and sexual harassment by Plaintiff against the Defendant employer Bronx Parent Housing Network (BPHN, hereinafter) and Defendants Director, Supervisors, stated above .

2. Plaintiff received a U.S. E.E.O.C. Notice of Right To Sue letter on about March 2021 against Defendants except the City of New York.

3. A Jury trial is demanded as to all issues pursuant to FRCP R. 38

PARTIES

4. At all times hereinafter mentioned:

5. *Plaintiff SHAUNTEE BYRON is a resident of New York State, Southern District of New York.*

6. Defendant Employer Bronx Parent Housing Network (BPHN hereinafter) is a not for profit New York State corporation and charity, doing business in Bronx County, New York City.

7. Def. BPHN is incorporated and registered as a not for profit corporation in New York State.

8. Def. Victor Rivera was the director of BPHN until about Feb. 2021, upon information and belief he is a resident of New York State.

9. The City of New York was a municipal corporation incorporated pursuant to the laws of New York State.

10. Candida Richards, Mario Palumbo, Gloria Wallace, LCSW, Noel Francis, Lisa Stewart were or are employees of Bronx Parent Housing Network.

11. FACTS UNLAWFUL TERMINATION, DISCRIMINATION, RETALIATION

12. Plaintiff SHAUNTEE BYRON was an employee of Def. BPHN 2019, 2020.

13. In about August 2020 Plaintiff was terminated from her employment at Def. BPHN as a result of unlawful racial and sex discrimination and retaliation as stated herein, without just cause.

14. Plaintiff BYRON was at all times a loyal, conscientious employee with commendations, promotions, and positive work reviews for her excellent work performance.

15. Plaintiff Byron was compensated at $75,000. yearly less than other employees who were not black females, and less than other employees who were involved in sexually relations with Mr. Rivera, or his friends and associates at BPHN.

16. Plaintiff Byron suffered disparate treatment, adverse employment termination consequences, and false and poor job reviews and references as a result of the discrimination and retaliation described herein.

17. Plaintiff Byron has suffered the inability to obtain employment as a social services provider, and supervisor and director as the result of the discrimination alleged herein, that in 2021 her job offers were rescinded, upon information and belief, of the retaliation and discrimination alleged herein.

18. HOSTILE WORK ENVIRONMENT, UNLAWFUL TOUCHING, BATTERY, ASSAULT, SEX HARASSMENT, RETALIATION, 2019, 2020

19. In about May 2020 Def. Lisa Stewart subordinate employee touched and squeezed Plaintiff's buttocks saying " Look our director has all this, I didn't know she was hiding this there", at 195 Sherman Ave Bx, N.Y. , with other employees as witnesses.

20. Plaintiff complained to each Def. Noel Francis, Reg. Director BPHN, who reported to Gloria Wallace VP Family Transitional Services, BPHN.

21. Def. Wallace did not reprimand Ms. Stewart, ignoring and excusing the complaint.

22. Def. Wallace, Def. Stewart were childhood (felling they were untouchable in all improper actions herein) personal friends of Def. Victor Rivera, and did not respond pursuant to law appropriately to Plaintiff's repeated 2020 complaints of hostile work environment and a sexually charged atmosphere at Def. BPHN at 1195 Sherman Ave Bx. N.Y.

23. Plaintiff's complaints included the grabbing of her buttocks by Def. Stewart, inappropriate picture displayed by Elsa K. Mitchel, and inappropriate loud and open sexual conversations and speech by Def. Stewart, Elsa K. Mitchel, including having sex with her husband, positions, " loudly talking, lack of work ethic and professionalism.

24. Plaintiff complains that Defendants violated clients HIPA rights: Client A complained that her personal information was being shared, spread, and disseminated, by Def. Stewart, in 2020, during which time she was also acting unethically in befriending and socializing with aid recipients and clients of BPHN.

25. Defendants were hostile to Plaintiff's requests and directives of that there be ethics, professionalism, and the institution of a no sex atmosphere and no in appropriate socializing with and between clients, and employees, sharing of cigarettes between clients and workers, including Def. Stewart, all interfering with BPHN mission and work.

26. In March to April 2020 Mr. Rivera, Def., would inappropriately hug and fondly greet Ms. Byron, making her feel uncomfortable; in the sexually charged, hostile work environment at BPHN as described herein.

27. RETALIATION, DISCRIMINATION, TERMINATION OF EMPLOYMENT, SEX   HARASSMENT

28. That Plaintiff Ms. Byron was terminated from her BPHN employment without just cause.

29. That Plaintiff Byron timely filed an EEOC letter complaint.

30. In March 2021 was issued a  Right To Sue letter prior to the institution of this suit.

31. That Plaintiff Byron turned down sexual advances at work BPHN during the years of her employment there 2020, 2019 from Defendants.

32. That Plaintiff Byron suffered being in a hostile work environment at Def. BPHN of a sexually charged atmosphere in 2020, 2019.

33. That Plaintiff Byron had recommendations, commendations, writings, and credentials that proved she was more qualified than other employees who kept their jobs or were promoted as providing sexual relations to Def. Rivera and his friends and associates at Def. BPHN, 2019- 2021.

34. That Plaintiff Byron suffered job discrimination as a black female, when other non black females were promoted, maintained employment, and had superior compensation than Plaintiff at Def. BPHN 2019- 2021.

35. 2020 SEX HARASSMENT AND HOSTILE WORK ENVIRONMENT

36. That Def.. Rivera, had a reputation for demanding and receiving sex from PBHN employees and aid recipients, as a condition of their employment, and compensation and career advancement and receipt of housing aid by the public clients.

37. In Feb. 2021 a NY Times article detailed a true history of sex abuse claims against Def. Mr. Rivera, settlements, secrecy , by employees and aid recipients.

38. In March 2021 Def. Rivera was arrested for bribery, those charges are pending as of the filing of this complaint.

39. That in 2019, 2020, 2021 and prior, Plaintiff suffered emotionally while working, and after termination, at BPHN as this sex charged atmosphere existed thereat, as a hostile workplace environment, where employees were seeking sex from each other, and clients, for career advancement, as a an unlawful informal condition of their PBHN employment.

40. Plaintiff Byron witnessed the improper hostile work environment at BPHN causing her to be upset and suffer anxiety and to seek therapy.

41. Plaintiff Byron was terminated in her employment on Aug. 20, 2020, without just cause, and as sex and race discrimination, and retaliation for her complaints.

42. Plaintiff protested her termination, that she worked harder, was more qualified, did better work than employees who were promoted and better compensated for having sex with Defendant Director Mr. Rivera and his friends/coworkers at BPHN.

43.         POST TERMINATION HARASSMENT, RETALIATION

              CAUSES OF ACTION

44. Based upon the above facts Plaintiffs assert the following causes of action:

FIRST ACTION

45. Plaintiffs states a cause of action for unlawful racial discrimination and sex harassment as an employee, prohibited by an employer or supervisor, or other employee or agent, or contractor of Defendants pursuant to 42 U.S. Code (U.S.C hereafter ) Subv. Vi, 42 U.S.C. s. 21, 2000e 1-17 Civil Rights Act, Ch. 21 Equal Employment Opportunity Commission; Sec. 1981 U.S.C. Sect. 703 Title VII, Title 29 Part 38 Labor, 45 Code Fed. Reg. Labor sect 73,.735, 306 Sexual Harassment Prohibited, Title 29 Code Fed. Reg. Labor, EEOC Labor sect 1604.11 et al related statutes.

SECOND ACTION

46. Plaintiffs claims and appends the New York State Statute McKinneys 201g Labor Law, N.Y.S. Executive Order 19 Workforce Investment Act 1998. , et al., and related statutes, prohibiting employer sexual harassment of their employees, and mandating education and supervision of all Defendants

47.                THIRD ACTION

48. Plaintiffs claims and appends the New York City Title 18 Administrative Code, NYC Local Law 95, Sect. 107.1 victims (96) 2018, et al, an relates statutes, prohibiting employer sexual harassment of employees and mandating education and supervision

of all Defendant to avoid and prevent sex harassment and sex abuse of employees as the Plaintiff herein.

### FOURTH ACTION

49. Plaintiffs claims and appends the common law New York State laws creating actions at law for assault, battery, negligence, prima facie tort, sexual assault, unlawful touching.

50.     FIFTH ACTION

51. That the Defendant City of New York had knowledge of the complaints of racial and sex harassment of Director Rivera of employees and aid recipients, the settlements of money aid to victims of his harassment.

52. That the Defendant City of New York, ignored the enforcement of all discrimination and sex harassment laws against the Defendants, and continually to fund BPHN with millions of dollars of tax payer monies, paying and keeping Def. Dir. Rivera in his position as director where he was able to continue his and his friends and associates campaign of harassment, retaliation, bribery, against of employees and aid recipients

### DAMAGES ALLEGED

53. Plaintiff claims statutory damages, all lawful punitive damages, costs, attorney fees and disbursements and interest pursuant the U.S., N.Y. S., and N.Y.C. statutes, codes, regulations stated and cited above.

54. In addition to the statutory damages and remedies alleged and claimed herein, Plaintiff claims as common law damages pursuant to all the New York State claims stated above, as the result of the Defendants actions, negligence, omissions, and failures, the unlawful touching and sex assault, harassment described herein.

55. Those common law damages are stated supra and infra including all lawful punitive, exemplary damages, and compensatory damages.

56. As damages in all actions asserted in this complaint , Plaintiff has suffered the following permanent physical and mental injuries and damages including but not limited to: Physical, emotional, psychiatric and mental distress and alarm, physical illness, trauma, being upset, loss of sleep, unhappiness, that have diminished Plaintiff's ability to work and employment opportunities, so that Plaintiff's lifelong earning capacity is diminished, permanently, and continuing to date, every aspect of her life is damaged.

57. As damages in all actions herein, Plaintiffs have been required to spend monies and to seek medical treatment and all manner of therapy for Plaintiff's permanent injuries and damages in the past, present and future as a result of the actions of the Defendants as alleged herein.

CERTIFICATION AND CLOSING

58. Under F.R.C.P. 11 by signing below I certify to the best of my knowledge, information and belief that this complaint:

59. This complaint is not being presented:  1. for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation, 2. Is supported by existing law or by non frivolous argument for extending modifying or reversing existing law, 3. The factual contentions have evidentiary support, or if specifically so identified will likely have evidentiary support after a reasonable opportunity for further investigation, or discovery, and 4. The complaint otherwise complies with the requirements of Rule 11 FRCP.

60. Wherefore the Plaintiff demands damages in the amount of one million dollars, as the Court and Jury may find, plus all lawful fees, costs, disbursements, 212121including punitive damages for the outrageous and unlawful conduct of the Defendants.

Date of Signing :     March 22,  2021

        S/  MARTIN DRUYAN ESQ.
        MARTIN DRUYAN ESQ. ,     NYS 1172188
        MARTIN DRUYAN AND ASSOCIATES ATTORNEYS
        Attorneys for Plaintiffs
        450 7TH AVE N.Y., N.Y. 10123 SUITE 3700
        212-279-5577, 917-861 4836
        MD@DRUYANLAW.COM

.