```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 10/21/2022
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------- X

SHAUNTEE BYRON,

                    Plaintiff,

    -against-

THE BRONX PARENT HOUSING
NETWORK, VICTOR RIVERA, THE
CITY OF NEW YORK,

                    Defendants.

**STIPULATION AND CONFIDENTIALITY ORDER**

Civil Action No. 1:21-cv-02568 (MKV)

**WHEREAS**, Plaintiff has sought certain documents and information from Defendant The City of New York (the "Defendant") in discovery in this action, which Defendant deems confidential ("Confidential Materials"); and

**WHEREAS**, Defendant would object to the production of those documents and information unless appropriate protection for their confidentiality is assured.

**IT IS THEREFORE AGREED BY AND BETWEEN THE PARTIES AND ORDERED THAT:**

1. As used herein, "Confidential Materials" shall mean any information Defendant believes in good faith constitutes trade secrets, proprietary business or information, governmental, sensitive, or personal information, or other information the disclosure of which would, in Defendant's good faith judgment, if disclosed to a party to this action, a non-party, or to the public in general, cause harm or be detrimental to the conduct of Defendant's business or other proprietary, governmental, or privacy interest or to the business or other proprietary or privacy interest of any of Defendant's employees, customers, clients, vendors, agents, or stakeholders

1

2.  A party receiving Confidential Materials ("receiving party") and its attorney, if applicable, shall not use the Confidential Materials received by the receiving party for any purpose other than for the preparation or presentation of its case in this action and/or any appeal thereof.

3.  Neither the receiving party nor his, her, or its attorneys shall disclose the Confidential Materials to any person except under the following conditions:

   (a) Disclosure may be made only if necessary to the preparation or presentation of receiving party's claim or defense in this action.

   (b) Disclosure before trial by the receiving party and/or its attorneys may be made only to an expert who has been retained or specially employed by the receiving party in anticipation of litigation or preparation for this action, to a witness at deposition, or to the Court.

   (c) Before any disclosure is made to a person listed in subparagraph (b) above (other than to the Court), the receiving party shall provide each such person with a copy of this Stipulation and Protective Order, and such person shall consent in writing, in the form annexed hereto as Exhibit "A," not to use the Confidential Materials for any purpose other than in connection with the prosecution of this case and not to further disclose the Confidential Materials except in testimony taken in this case. The signed consent shall be retained by the receiving party and a copy shall be furnished to the disclosing party attorneys upon their request

4.  Deposition testimony concerning any Confidential Materials that reveals the contents of such materials shall be deemed confidential, and the transcript of such testimony,

together with any exhibits which contain Confidential Materials referred to therein, shall be separately bound, with a cover page prominently marked "CONFIDENTIAL." Such portion of the transcript shall be deemed to be Confidential Materials within the meaning of this Stipulation and Protective Order.

5. Any party wishing to file documents under seal must submit a specific request to the Court explaining the reasons for seeking to file that submission under seal and addressing the request in light of the Second Circuit's opinion in *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 120 (2d Cir. 2006).

6. In filing Confidential Material with this Court, or filing a portion of any pleadings, motions, or other papers that disclose such Confidential Material ("Confidential Court Submission"), the parties shall publicly file a redacted copy of the Confidential Court Submission via the Electronic Case Filing System. The parties shall file an unredacted copy of the Confidential Court Submission under seal with the Clerk of the Court, and all Parties shall serve this Court and the opposing party or counsel with unredacted courtesy copies of the Confidential Court Submission.

7. Nothing in this Stipulation and Protective Order shall be construed to limit Defendant's use of the Confidential Materials produced by the producing party in any manner.

8. Any party's production in this proceeding of any documents or other information protected by the attorney-client privilege, attorney work product protection or any other privilege or protection recognized by law as well as any non-party personally identifying information (collectively, "Protected Material"), whether inadvertent or otherwise, shall not constitute a waiver of any privilege or protection applicable to that information in this action or any other federal or state proceeding.

9. A party that produces Protected Material (the "Producing Party") may demand that any party receiving Protected Material (the "Receiving Party") return or destroy the Protected Material (the "Clawback Demand"). Such demand shall be made promptly after the Producing Party discovers that the Protected Material was produced and shall state on a privilege log pursuant to FRCP 26(b)(5)(A)(ii), the Protected Material to be returned or destroyed and the basis for the claim of privilege or protection.

10. This Stipulation and Protective Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d).

11. Upon receiving a Clawback Demand, the Receiving Party shall within ten (10) business days, destroy the Protected Material or return it to the Producing Party, including any copies, and notify any third-party to whom the Receiving Party sent such identified Protected Material to return it to the Producing Party or destroy it. The Receiving Party shall provide written assurance of these actions within ten (10) days of receiving a Clawback Demand. If the document or information subject to the Clawback Demand contains protected material only in part, then the Producing Party shall, within ten (10) business days of the Clawback Demand, produce redacted versions of the documents subject to the Clawback Demand and the Receiving Party will similarly convey written assurance that the unredacted document has been returned or destroyed within ten (10) business days of the Clawback Demand.

12. If the Receiving Party identifies a document or record produced by the Producing Party that appears to be Protected Material it shall immediately notify the Producing Party of the existence of the document, including the Bates number of the document, or if no Bates number appears on the document, sufficient information to identify the document so that the Producing Party may make a Clawback Demand.

13. A party's compliance with the terms of this Stipulation and Protective Order shall not operate as an admission by that party that any particular document or information is or is not (a) relevant, (b) privileged, or (c) admissible in this action.

14. Nothing in this Stipulation and Protective Order shall limit Defendant's own use of its Confidential Materials nor shall it serve to limit its right to review, withhold or redact documents and related information (including metadata) for relevance, responsiveness, as required by state or federal statute, or on the basis of privilege.

15. A facsimile or electronic signature on this Stipulation and Protective Order shall have the same effect as an original signature.

Dated:    New York, New York
          October 21, 2022

| | |
|---|---|
| **MARTIN DRUYAN & ASSOCIATES**<br>*Attorneys for Plaintiff*<br>450 Seventh Avenue<br>New York, NY  10123<br>(917) 861-4836<br>md@druyanlaw.com | **HON. SYLVIA O. HINDS-RADIX**<br>Corporation Counsel of the<br>  City of New York<br>*Attorney for Defendant The City of New York*<br>100 Church Street<br>New York, New York 10007<br>Tel: (917) 754-4875<br>npotter@law.nyc.gov |

By: ___/s/_____   By: ___/s/ Noah Potter_____
    Martin Druyan       Noah Potter
               Special Assistant Corporation Counsel

**SOKOLOFF STERN LLP**      **LEWIS BRISBOIS BRISGARD & SMITH LLP**
*Attorneys for Defendant*
*Bronx Parent Housing Network*      *Attorneys for Defendant Victor Rivera*
179 Westbury Avenue      77 Water Street
Carle Place, New York 11514      New York, New York 10005
(516) 334-4500      (212) 232-1300
bsokoloff@sokoloffstern.com      peter.shapiro@lewisbrisbois.com
               simi.bhutani@lewisbrisbois.com

By: ___/s/_____   By: ___/s/_____
    Brian Sokoloff       Peter T. Shapiro
               Simi Bhutani

**SO ORDERED:**

10/21/2022       *Mary Kay Vyskocil*
_____   _____
Date       U.S.D.J.

6

# **EXHIBIT A**

The undersigned hereby acknowledges that he/she has read the Stipulation and Protective Order entered in the United States District Court for the Southern District of New York, on _____, 2022 in the action entitled *Byron v. Bronx Parent Housing Network, et al.*, No. 121-cv-02568, or has been advised of its provisions or contents, and understands the terms thereof. The undersigned agrees not to use the Confidential Materials defined therein for any purpose other than in connection with the prosecution of this case and will not further disclose the Confidential Materials except in testimony taken in this case.

| | |
|---|---|
| _____ | _____ |
| Date | Signature |
| | _____ |
| | Print Name |
| | _____ |
| | Occupation |