```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 3/20/2023
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

SHAUNTEE BYRON,

                Plaintiff,

-against-

BRONX PARENT HOUSING NETWORK, VICTOR RIVERA, CITY OF NEW YORK

                Defendants.

1:21-cv-02568 (MKV)

**MEMORANDUM OPINION AND ORDER GRANTING MOTION TO DISMISS**

---

MARY KAY VYSKOCIL, United States District Judge:

    Plaintiff Shauntee Byron brings this action against the Bronx Parent Housing Network ("BPHN"), its former director Victor Rivera, and the City of New York ("the City"), asserting claims under (1) Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq.* ("Title VII"); (2) New York Labor Law § 201-g; (3) New York City Human Rights Law § 8-107;[1] (4) assorted common law claims for "assault, battery, negligence, *prima facie* tort, sexual assault, [and] unlawful touching"; and (5) an unspecified claim against the City, alleging it "had knowledge" of the misconduct at BPHN and still continued to provide funding. Byron has settled her claims with BPHN and Rivera. The sole remaining Defendant, the City, moves to dismiss Byron's claims pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons set forth below, the motion to dismiss is GRANTED.

---

[1] The Amended Complaint actually alleges a violation of New York City Administrative Code § 18-107, but that Title concerns the Department of Parks and Recreation.

## BACKGROUND[2]

BPHN is a non-profit organization registered in New York that assists homeless individuals.  Amended Complaint ¶¶ 1.5, 27 [ECF No. 37] ("Am. Compl.").  Rivera was the CEO and President of BPHN until February 2021.  Am. Compl. ¶ 1.7.  Byron, a black woman, worked for BPHN from 2019 to 2020.  Am. Compl. ¶¶ 43, 63.

The Amended Complaint describes a "sexually charged atmosphere" and "hostile work environment" at BPHN.  Am. Compl. ¶ 52.  In particular, Byron alleges that another BPHN employee "touched and squeezed [her] buttocks," that Rivera would "inappropriately hug and fondly greet" her, and that there were "inappropriate loud and open sexual conversations" at work.  Am. Compl. ¶¶ 49, 53, 56.  When Byron complained to her superiors about this conduct, her complaints were either ignored or met with hostility.  Am. Compl. ¶¶ 49–53, 55.  Byron contends that as a result, she was paid "less than other employees who were involved in sexually [sic] relations" as "concubines" for Rivera.  Am. Compl. ¶ 46.

The Amended Complaint also alleges that Byron "suffered job discrimination as a black female" because other non-black females "were promoted, maintained employment, and had superior compensation."  Am. Compl. ¶ 63.  Byron alleges that ultimately, she was terminated in August 2020 as a result of sex and race discrimination and in retaliation for her complaints.  Am. Compl. ¶ 68.

Plaintiff filed her Complaint against Defendants BPHN, Rivera, and the City.  Complaint [ECF No. 9].  She filed an Amended Complaint several months later.  *See* Am. Compl.  Defendants Rivera and BPHN answered the Amended Complaint, *see* BPHN Answer [ECF No. 40]; Rivera Answer [ECF No 41].  Unlike the other two Defendants, the City moved to dismiss the Amended

---

[2] The facts are taken from the Amended Complaint, and for purposes of this motion, are accepted as true. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Complaint under Rule 12(b)(6).  *See* Motion to Dismiss [ECF No. 74]; Memorandum of Law in Support [ECF No. 76].  Plaintiff opposed.  *See* Affirmation in Opposition [ECF No. 81] ("Pl. Mem.").  The City submitted a reply.  *See* Reply Memorandum of Law [ECF No. 83].  While the City's motion was pending, Plaintiff settled her claims with Defendants Rivera and BPHN.  *See* Stipulation of Discontinuance with Prejudice [ECF No. 94].

## LEGAL STANDARD

To survive a Rule 12(b)(6) motion to dismiss, the Amended Complaint must plead "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  While the Court "must accept as true all of the allegations contained in a complaint," this "tenet . . . is inapplicable to legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Id.*

## ANALYSIS

### I. Count One Fails to State a Claim Under Title VII

Under Title VII, it is unlawful "*for an employer* . . . to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1) (emphasis added).  Because the statute is limited to *employers*, "the existence of an employer-employee relationship is a primary element of Title VII claims."  *Felder v. United States Tennis Ass'n*, 27 F.4th 834, 842 (2d Cir. 2022) (quoting *Gulino v. New York State Educ. Dep't*, 460 F.3d 361, 370 (2d Cir. 2006)).

The Amended Complaint, riddled with typographical errors and redlined revisions, is not a model of clarity. Nor is the Opposition to the motion to dismiss. But on a liberal reading, Plaintiff appears to allege that the City was her formal employer or, alternatively, that the City functioned as her employer under the single or joint employer doctrines. All three theories fail.[3]

    1.    <u>*The City was not Plaintiff's Formal Employer*</u>

To demonstrate a formal employment relationship with the City, Byron "must show she was hired by" the City. *United States v. City of New York*, 359 F.3d 83, 91–92 (2d Cir. 2004). And to establish she was hired, Byron "must establish that she received remuneration in some form for her work." *Id.* at 92.

The Amended Complaint contains no such allegations. In fact, it explicitly alleges that Byron was employed by BPHN, *not* the City. Am. Compl. ¶ 43. Moreover, there is no allegation that Byron "received remuneration" from the City. *City of New York*, 359 F.3d at 92. Instead, at best, Byron appears to allege that the City *indirectly* compensated Byron because the City "has totally funded 100 per cent [sic]" BPHN. Am. Compl. ¶ 1. However, "such an indirect source of funds cannot be the basis for Title VII liability." *Gulino*, 460 F.3d at 379. Byron therefore fails to plausibly allege that the City was her formal employer.

    2.    <u>*The City and BPHN are not a Single Employer*</u>

"'[I]n certain circumstances' an employee may 'assert employer liability against an entity that is not formally [her] employer.'" *Felder*, 27 F.4th at 842 (quoting *Arculeo v. On-Site Sales & Mktg., LLC*, 425 F.3d 193, 197 (2d Cir. 2005)). One such circumstance is when the alleged facts fall within the single employer doctrine. "A 'single employer' situation exists 'where two

---

[3] The Amended Complaint and Opposition include quotations from various articles and other sources. *See, e.g.*, Am. Compl. ¶ 39; Pl. Mem. 7–10. However, Plaintiff fails to attach the purported evidence to the Amended Complaint, and "evidence outside of a complaint cannot save a futile amended pleading." *Klinkowitz v. Jamaica Hosp. Med. Ctr.*, No. 20-CV-4440-EK-SJB, 2022 WL 818943, at *9 (E.D.N.Y. Mar. 17, 2022).

nominally separate entities are actually part of a single integrated enterprise.'" *Arculeo*, 425 F.3d at 198 (citation omitted).  A four-part test determines whether a parent and subsidiary constitute a single employer: "(1) interrelation of operations, (2) centralized control of labor relations, (3) common management, and (4) common ownership or financial control."  *Cook v. Arrowsmith Shelburne, Inc.*, 69 F.3d 1235, 1240 (2d Cir. 1995) (citation omitted).  The second factor is most important.  *See id.* at 1241.

The Amended Complaint does not allege intelligible facts sufficient to find a single employer relationship.  For illustration, under a section titled "Interrelation of operations," the Amended Complaint states: "the minute, hourly, daily, applications, referrals, personnel decisions, vouchers, computers, chain of command was shared between the Def. BPHN, and Def. NYC."  Am. Compl. ¶ 27.  Under the title "Centralized Control of Labor Relations," Plaintiff alleges: "Defs NYC, and Def. BPHN labor relations were separated in location, but by using computers, supervision, monitoring, training, recommendations, promotions, job applications, etc., . . . Defs. in fact had personal Def. NYC Adm. Agency supervisors with computerized central control of labor relations."  Am. Compl. ¶ 27.  To the extent these allegations are understandable, they are conclusory.  Plaintiff "must do more than simply state legal conclusions and recite the elements of the 'single employer' standard to survive a motion to dismiss."  *Fried v. LVI Servs., Inc.*, No. 10 CIV. 9308 JSR, 2011 WL 2119748, at *5 (S.D.N.Y. May 23, 2011).

Moreover, the single employer doctrine "has been confined to two corporate contexts: first, where the plaintiff is an employee of a wholly-owned corporate subsidiary and second, where the plaintiff's employment is subcontracted by one employer to another, formally distinct, entity."  *Gulino*, 460 F.3d at 378.  Neither context is implicated here.  Further, "[c]ourts in this Circuit have been wary of extending the single-employer doctrine outside of these contexts, 'especially where, as here, a government entity is involved.'"  *Britton v. Bronx Parent Hous. Network, Inc.*, No. 21-

CV-7079 (JPO), 2022 WL 4332735, at *3 (S.D.N.Y. Sept. 19, 2022) (citation omitted). Plaintiff's single employer theory therefore fails.

   3. *The City and BPHN are not Joint Employers*

  Finally, Byron attempts to establish an employment relationship through the joint employer doctrine. Joint employment exists where "two or more entities . . . share significant control of the same employee." *Felder*, 27 F.4th at 843. Significant control exists where "an entity other than the employee's formal employer has power to pay an employee's salary, hire, fire, or otherwise control the employee's daily employment activities." *Id.* at 844.

  In support of this theory, the Amended Complaint alleges, among other things, that: (1) Byron's ID badge referenced both BPHN and the City, Am. Compl. ¶¶ 3–4; (2) BPHN's website states it was "Partners with the City of New York," Am. Compl. ¶ 5; (3) the City exerted "minute by minute, hour by hour, day by day, strict scrutiny and supervision of each and every aspect of work functions," Am. Compl. ¶ 6; (4) the City and BPHN shared a computer system, Am. Compl. ¶ 7; (5) the City "monitored" BPHN employees, Am. Compl. ¶ 9; and (6) a city employee "supervised Plaintiff," Am. Compl. ¶ 17.

  These assertions fail to allege significant control sufficient to constitute joint employment. Many of Byron's allegations constitute "legal conclusion[s] couched as . . . factual allegation[s]" that the Court need not accept as true. *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). The remaining allegations fail to suggest the existence of a joint employment relationship because they do not speak to whether the City had "power to pay [Byron's] salary, hire, fire, or otherwise control [her] daily employment activities." *Felder*, 27 F.4th at 844. Indeed, Byron does not even "allege facts showing that the [City was] involved in the decision[] of whether to hire or fire" her. *Washington v. NYC Madison Ave. Med. P.C.*, No. 20 CV 3446-LTS-SN, 2021 WL 4037518, at *4 (S.D.N.Y. Sept. 3, 2021). These allegations fall far shorter than in other cases where courts in this

district have found that a plaintiff failed to state a claim. *See, e.g.*, *McHenry v. Fox News Network, LLC*, 510 F. Supp. 3d 51, 82 (S.D.N.Y. 2020) (no joint employment relationship where plaintiff alleged that Fox Corp. made hiring and firing decisions for Fox News, controlled discipline, pay, insurance, records, and supervised Fox News, hired the alleged harasser and retained ultimate control over his employment); *Fried*, 2011 WL 2119748, at *6–7 (S.D.N.Y. May 23, 2011) (no joint employment relationship where plaintiff alleged that directors appointed by a company holding a minority stake in his employer were vocal in decision to terminate him, sent him a termination letter, and were directly involved in transitioning his job responsibilities).

Because the Amended Complaint fails to plausibly allege that the City is liable for the actions of BPHN under a formal employer, single employer, or joint employer theory, Count One, the Title VII claim, is dismissed.

## II.     Count Five Fails to State a Cognizable Theory of Liability

Byron's fifth claim asserts that the City "had knowledge of the complaints of racial and sex harassment of Director Rivera" and of "the confidential settlements of money paid to victims of his sex harassment." Am. Compl. ¶ 75.  The Amended Complaint states that the City "ignored the enforcement of all discrimination and sex harassment laws, and criminal laws against unlawful touching" and continued "to fund BPHN with millions of dollars." Am. Compl. ¶ 76.

To avoid dismissal under Rule 12(b)(6), a "pleading must at least set forth sufficient information for the court to determine whether some recognized legal theory exists upon which relief could be accorded the pleader." *Rodriguez v. Beechmont Bus Serv., Inc.*, 173 F. Supp. 2d 139, 145 (S.D.N.Y. 2001) (citation omitted).  This baseline standard ensures that an adverse party

is given "fair notice of the claim asserted so as to enable him to answer and prepare for trial." *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988).

The Court finds that Plaintiff's fifth cause of action fails to provide the City with "fair notice of the claim asserted." *Id.*  Specifically, the Amended Complaint does not "identify a legal theory that could support a claim to relief, nor can the Court discern one from her briefings, even reading them liberally." *Britton*, 2022 WL 4332735, at *4.  And it is unclear "what law [Byron] believes that the City of New York violated by funding BPHN, or what legal theory she would present at trial." *Id.*  A virtually identical claim was raised—and dismissed—for similar reasons in another action brought by Plaintiff's counsel in this district. *See Britton*, 2022 WL 4332735, at *4.

The Opposition simply reasserts Byron's allegations and contends they constitute "a *primie* [sic] *facie* tort equivalent."  Pl. Mem. 20.  But again, Plaintiff fails to plausibly allege a claim or even suggest that a "recognized legal theory exists upon which relief could be accorded" to Byron. *Rodriguez*, 173 F. Supp. 2d at 145.  Count Five is therefore dismissed.

### III.   The Court Declines to Consider Counts Two, Three, and Four

The second, third, and fourth causes of action purport to assert various state and city law claims.  Because, for the reasons outlined above, Byron's federal law claims are dismissed, the Court declines to exercise supplemental jurisdiction over the purported state law claims and does not consider the merits of these claims.  28 U.S.C. § 1367(c)(3); *see also Britton*, 2022 WL 4332735, at *4.  Counts Two, Three, and Four are therefore dismissed without prejudice to renewal in state court.

### IV.   Futility of Further Amendment

Byron has already amended her complaint once and does not request leave to amend again.  Accordingly, the dismissal is with prejudice. *See Felder*, 27 F.4th at 848 ("[W]e certainly see no

8

error or abuse of discretion in the District Court's dismissal of Felder's complaint with prejudice, as Felder did not request leave to re-amend."); *Trautenberg v. Paul, Weiss, Rifkind, Wharton & Garrison L.L.P.*, 351 F. App'x 472, 474 (2d Cir. 2009) ("Given that Trautenberg did not move for leave to replead in opposition to [the] motion to dismiss his original complaint with prejudice, the district court did not abuse its discretion by failing to grant him, sua sponte, leave to replead.").

## **CONCLUSION**

For the foregoing reasons, the motion to dismiss is GRANTED. The Clerk of Court is respectfully requested to terminate docket entry 74 and close this case.

**SO ORDERED.**

Date: **March 20, 2023**
**New York, NY**

*/s/ Mary Kay Vyskocil*
**MARY KAY VYSKOCIL**
**United States District Judge**